IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EASYGROUP LIMITED,

Plaintiff,

-against-

EASYAIR GLOBAL, LLC and UMAPATHAY PINAGHAPANI,

Defendants.

**COMPLAINT**

15 Civ. ___

DEMAND FOR JURY TRIAL

Plaintiff easyGroup Limited. ("easyGroup"), by and through its undersigned counsel, for its complaint against defendants EasyAir Global, LLC. ("EasyAir") and Umapathay Pinaghapani alleges as follows:

**NATURE OF THE ACTION**

1. This action seeks monetary and equitable relief for trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); statutory unfair competition under the Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. §2531; and common law unfair competition under the common law of Delaware.

**THE PARTIES**

2. Plaintiff easyGroup is a company registered in the United Kingdom.

3. On information and belief, defendant EasyAir is a limited liability company organized and existing under the laws of the state of State Delaware, and does business in this judicial district.

4. On information and belief, Umapathay Pinaghapani is a resident and citizen of Chennai, India and the principal owner and self-described president of EasyAir.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over EasyAir because it continuously and systematically conducts business within the State of Delaware.

7. This Court has personal jurisdiction over Pinaghapani because he resides within this district and his actions within this judicial district have given rise to the claims asserted against these defendants.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), because on information and belief, defendants reside and/or have engaged in the complained-of acts of infringement in this judicial district

## PRELIMINARY STATEMENT

9. This is an action to enforce and protect plaintiff's valuable intellectual property rights. Plaintiff is the owner of certain registered trademarks, in the United States and abroad, featuring the word "EASY" in connection with various goods and services in travel and related lines of business. Among its protected marks is the name "EASYJET" used in commerce by plaintiff's licensee, easyJet plc.

10. Defendant EasyAir has adopted a variation of plaintiff's trademark to identify services that are identical to plaintiff's. Defendants' use of its infringing mark is substantially identical and/or confusingly similar to plaintiff's mark, which is used in connection with the transportation of passengers by air. Defendants' conduct constitutes trademark infringement and unfair competition. Defendants should be enjoined from using the EASYAIR mark and plaintiff should be awarded money damages for all prior acts of infringement and competitive injury.

## FACTUAL BACKGROUND

### Plaintiff's Trademarks

11. easyJet is a low cost, point-to-point, short haul airline operating throughout Europe. Established in 1995, easyJet is now the largest airline of the United Kingdom by number of passengers carried. It operates domestic and international scheduled services on over 700 routes in 32 countries.

12. Plaintiff owns registrations for a trademark (and the associated goodwill) which is used by itself, affiliated companies, and by third parties under license, in conjunction with plaintiff's easyJet service.

13. Plaintiff is the owner of U.S. Trademark Registration No. 3,147,540 for EASYJET for, among other things, "transportation and storage, namely transportation of goods, passengers and travelers by air, airline transportation services; freight forwarding services via air, land, sea, truck, train and ship; travel agency services in the nature of making reservations and bookings for cruises, tours, excursions and vacations; and ambulance transport services." easyGroup (under its former name easyGroup IP Licensing Limited), filed its trademark application for EASYJET on August 13, 2004. The United States Patent and Trademark Office (the "USPTO") issued Registration No. 3,147,540 on September 26, 2006.

14. These services have been offered continuously under the EASYJET mark to United States customers via easyGroup's central website www.easy.com, as well as links on easyJet's website (at www.easyjet.com), which allows United States consumers to pre-book the easyJet service.

**Defendants' Infringing Use of the EASYAIR Mark**

15. Defendant Pinaghapani owns and operates EasyAir through a corporate office located at 1239 North Farmview Drive, Dover, Delaware 19904. He has described himself to the USPTO as Chairman and Managing Director of Premier Airways Limited which, on information and belief, is in the process of launching a low cost regional airline based initially in India. For all intents and purposes, Pinaghapani is the alter ego of EasyAir.

16. EasyAir is the owner of U.S. Trademark Registration No. 3,441,206 for EASYAIR for, among other things, "business advertising and business management for others in the field of the air passenger transportation industry." According to filings made by Pinaghapani with the USPTO, the EASYAIR mark has been in continuous use in the United States since January 1, 2006, presumably in connection with the anticipated launch of Premier Airways. The EASYAIR registered mark was administratively cancelled in 2015, but, despite repeated requests by plaintiff, defendants have refused to confirm that the prior use averred under oath to the USPTO, has been discontinued.

17. On information and belief, defendants solicit, or intend to solicit, Delaware customers and to distribute, market, promote, advertise, offer for sale, and sell their services to consumers throughout the United States via internet or other marketing channels.

18. Defendants' actions are likely to cause consumer confusion or mistake, or to mislead or deceive consumers, as to the source, origin, connection, affiliation, sponsorship or approval of defendants' services and their company's affiliation with, connection to or ownership of or by plaintiff. Defendants' actions are also likely to divert and appropriate to defendant the goodwill created by easyGroup in its marks. Defendants' distribution, marketing, and sale of its services under the EASYAIR mark are likely to mislead consumers into believing

that defendants and their services are affiliated with, connected to, or authorized or sponsored by easyGroup, when no such relationship exists between easyGroup and defendants.

19. The likelihood of consumer confusion is increased and compounded by the high degree of similarity between the parties' marks, customers, and services.

20. Plaintiff's EASYJET mark and defendants' infringing EASYAIR mark are confusingly similar.

21. In addition, on information and belief, easyGroup's customer base overlaps with defendants' existing or projected customer base.

22. Finally, in light of the striking similarities between easyGroup's services and defendants' existing and proposed services, there is a substantial likelihood that any gap between the services distributed, marketed, offered, or sold by easyGroup and defendants will further narrow or disappear altogether.

23. On information and belief, defendants' actions have been willful, intentional, reckless, and/or in bad faith.

**COUNT I**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

24. Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25. Defendants' EASYAIR mark incorporates and is confusingly similar to plaintiff's EASYJET mark.

26. On information and belief, defendants adopted and began using the EASYAIR mark in conjunction with air passenger transportation long after plaintiff first used its EASYJET mark in commerce.

27. Defendants' use of the EASYAIR mark is substantially and confusingly similar to plaintiff's EASYJET mark.

28. Defendants' use of the EASYAIR mark in the field of air passenger transportation is similar in sound, sight, and meaning to plaintiff's EASYJET mark in the field of air passenger transportation.

29. Defendants' use of its EASYAIR mark creates the same or nearly the same commercial impression as plaintiff's EASYJET mark in the field of air passenger transportation.

30. Defendants' EASYAIR mark creates a similar commercial impression as plaintiff's EASYJET mark.

31. Plaintiff and defendants both offer services in the field of air transportation.

32. Plaintiff and defendants solicit some of the same potential customers, and have a similar customer base.

33. Plaintiff and defendants use the same or similar channels of trade and both use or will use the Internet to advertise their services.

34. There is a substantial likelihood that any gap between the services distributed, marketed, offered, or sold by easyGroup and defendants will further narrow or disappear altogether.

35. Defendants' unauthorized use, offer, and sale of its goods or services under the EASYJET mark constitutes use of a false designation of origin and a false description that has caused and is likely to cause confusion, mistake, or deception as to the characteristics, qualities, or origin of defendants' goods and services, as to an affiliation, connection, or association between defendant and plaintiff, and as to the sponsorship or approval or defendants' goods and services by plaintiff.

36. On information and belief, defendants have intentionally falsely designated the origin of its goods and services by adopting and using a term that is substantially the same as the

EASYJET mark so as to profit from plaintiff's reputation by confusing the public as to the source, origin, sponsorship, or approval of defendants' goods and services, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of plaintiff.

37. Defendants' acts constitute trademark infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a). Defendants should be enjoined from any further use of the EASYAIR mark in the field of air transportation and should compensate plaintiff for any profits defendants have enjoyed through their infringing conduct.

38. Because, on information and belief, defendants acted with knowledge of plaintiff's rights and with the intent to cause, or with reckless disregard for, consumer confusion, mistake, and deception, plaintiff is entitled to recover the profits defendant has enjoyed through its infringing conduct, actual damages, enhanced profits and damages, costs and attorneys' fees, as this is an exceptional case, under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT II**
**STATUTORY AND COMMON LAW UNFAIR COMPETITION**

39. Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

40. Defendants have used, and continue to use in commerce, a mark that is substantially similar from plaintiff's EASYJET mark.

41. Plaintiff has used and continues to uses its EASYJET mark in connection with the advertising, marketing, and sales of plaintiff's air transportation services since at least 1995.

42. On information and belief, defendants adopted the EASYAIR mark for use in the field of air transportation in 2006.

43. According to filings they made with the USPTO, defendants have used and continue to use in commerce the EASYAIR mark in connection with the distribution,

advertising, marketing, and sale of products and services that are identical and directly competitive with plaintiff's services offered under plaintiff's federally registered EASYJET mark.

44. Defendants' use of the EASYAIR mark will cause a likelihood of confusion, mistake, and deception with plaintiff's EASYJET mark by creating the false and misleading impression that defendants' services are connected with or affiliated with, or sponsored, approved, or authorized by plaintiff.

45. On information and belief, defendants have acted willfully, intentionally, recklessly, and/or in bad faith.

46. Defendants' acts constitute unfair competition in violation of Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. §2531, and common law unfair competition under the common law of Delaware.

47. Defendants should be enjoined from further acts of unfair competition. Alternatively, plaintiff is entitled to recover the profits defendant has enjoyed through its infringing conduct, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff easyGroup respectfully requests this Court enter judgment in its favor as follows:

(1) An order permanently enjoining defendants and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from defendant, in concert or participation with defendant, pursuant to the powers granted to this Court by 15 U.S.C. § 1116, from:

(a) using EASYAIR alone or with any other term or design as a trade name or trademark, or domain name, or any trade name, trademark, or domain name confusingly similar thereto, in connection with the sale, offer for sale, distribution, advertisement, or any other use in connection with the field of air passenger transportation;

(b) infringing plaintiff's EASYJET mark;

(c) otherwise unfairly competing with plaintiff in the offering for sale, distribution, and advertisement of air transportation services;;

(d) falsely representing itself or its services or products as being connected with plaintiff or sponsored by or associated with plaintiff or engaging in any act which is likely to cause the trade, contractors, customers, and/or members of the purchasing public to believe that defendant is associated with plaintiff;

(e) registering or using, directly or indirectly, any domain name containing the terms EASYAIR or any misspelling of the same; and

(f) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above

(2) An order directing defendants to transfer to plaintiff any domain name that includes the term "Easy" and any other domain name that is confusingly similar to plaintiff's EASYJET mark;

(3) An order directing defendants to expressly abandon any trademark, service mark, trade name, or business name filings or registrations that incorporate, comprise, imitate or are confusingly similar to the EASYJET mark, which it has made or secured;

(4) An order awarding plaintiff the profits earned by defendants in connection with their infringing acts, as well as actual damages, enhanced profits and damages, costs and

reasonable attorneys' fees, as this is an exceptional case, under 15 U.S.C. §§ 1114, 1116, and 1117;

(5) An order awarding plaintiff statutory damages under the Delaware Uniform Deceptive Trade Practices Act and common law;

(6) An order awarding plaintiff punitive damages as a result of defendants' willful and wrongful acts; and

(7) An order awarding plaintiff any such other and further relief as may be deemed just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38.1, plaintiff hereby demands a trial by jury on all issues so triable.

December 17, 2015

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: /s/ *James R. Banko*
James R. Banko (#4518)
20 Montchanin Road, Suite 145
Wilmington, Delaware 19807
Tel.: (302) 482-3182
Fax: (302) 482-3612
Email: jbanko@faruqilaw.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
Turner P. Smith, Esq.
101 Park Avenue
New York, New York 10178
(212) 696-6000
Email: tsmith@curtis.com

*Attorneys for Plaintiff*